**NO. 16-60508**

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**VAUGHN PERRET AND CHARLES LEARY, APPELLANTS**

**Versus**

**DOUGLAS K. HANDSHOE, APPELLEE**
_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

_____

**BRIEF OF APPELLEE, DOUGLAS K. HANDSHOE**

_____

**THE TRUITT LAW FIRM**
A Limited Liability Company
JACK E. TRUITT, LA. BAR NO. 18476
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Appellee, Douglas K. Handshoe

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in Rule 28.2.2 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualifications or recusal. Parties in interest are:

1. Vaughn Perret, and Charles Leary (*pro se* Appellants), 140 Trout Point Road, Kemptville, Nova Scotia BOW1Y0.

2. Doug K. Handshoe (Appellee), 345 Carroll Avenue, Bay St. Louis, Mississippi 39520.

3. Chief District Judge Louis Guirola, Jr., 2012 15th Street, Suite 814, Gulfport, MS 39501.

4. Chief Magistrate Judge John Roper, 2012 15th Street, Suite 870, Gulfport, MS 39501.

5. Jack E. Truitt, Esquire (Counsel for Appellee), The Truitt Law Firm, LLC, 149 North New Hampshire Street, Covington, LA 70433.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, Doug K. Handshoe, asserts that this case does not involve significant legal issues not previously authoritatively decided; moreover, there are no splits among the various Federal Circuit Courts regarding the issues before this Honorable Court, which would merit oral argument. Further, considering the routine nature of the granting or denial of motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 60(b)(4), as in this case, on undisputed facts, this case simply does not justify oral argument. Appellants, Vaughn Perret, and Charles Leary, also did not request oral argument on this matter.

iii.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST PERSONS ............................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iii

TABLE OF CONTENTS............................................................................................ iv

TABLE OF AUTHORITIES ..................................................................................... v

STATEMENT OF THE CASE .................................................................................. 1

SUMMARY OF THE ARGUMENT ........................................................................ 5

ARGUMENT ............................................................................................................... 7

CONCLUSION    ...................................................................................................... 15

SIGNATURE OF COUNSEL .................................................................................. 15

CERTIFICATE OF SERVICE  ................................................................................ 16

CERTIFICATE OF COMPLIANCE........................................................................ 17

iv.

# LIST OF AUTHORITIES

28 U.S.C.A §1331 ...................................................................................................9

28 U.S.C.A § 4103 ..........................................................................................2, 5, 9

Fed.R.Civ.P.60(b)(4) ...........................................................................................4, 8,

Fed.R.Civ.P.60(b)(4):1 ...........................................................................................8

Fed.R.Civ.P.64(b)4 ......................................................................................... iii,14

U.S. Constitution. Art. III §1 ...................................................................................9

A.I.M.Controls, L.L.C. v. C.I.R., 672 F3d 390, 392 (5th Cir. 2012) .....................14

Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998..........................................8, 14

Callon Petroleum Co. v. Frontier Ins. Co., 351 f.3d 204, 208 (5th Cir. 2003), citing
     Nemaizer v. Baker, 793 F.2d 58, 64-65 (2d Cir. 1986) .................................8, 14

Crowley v. Glaze, 710 F2d 676, 678 (10th Cir. 1983) ...........................................10

Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996) .....................................................10

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed 2d 1081 (2007) ..........7

Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1027 (5th Cir. 1982) .................................14

Henderson, ex rel. Henderson v. Shinseki, 562 U.S. 428, 433, 131 S.Ct. 1197,
     1202, 179 L.Ed.2d 159 (2011) ..........................................................................14

Holmes v. Sopuch, 639 F2d 431, 434 (8th Cir. 1981) ...........................................10

Jackson v. FIE Corp., 302F3d 515, 521-22 (5th Cir. 2002) .....................................8

LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001) ........................................10

McCann v. Newman Irrevocable Trust, 458 F3d 281, 286 (3d Cir. 2006) ….…...10

PCI Transp., Inc. v. Fort Worth & W.RR. Co., 418 F3d 535, 543 (5th Cir. 2005) ...9

Rivet v. Regions Bank of La., 522 U.S. 470, 475, 11 S.Ct. 921,
139 L.Ed.912 (1998) ............................................................................................9

SPEECH Act, Pub. L. No. 111-223, 124 Stat. 424....................................3, 6, 13, 14

Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954) .................................................13

Trout Point Lodge, Ltd. V. Handshoe, 729 F.3d 481 (5th Cir. 2013) .............1, 4, 13

United States v. Tittjung, 235 F.3d 330, 335 (7th Cir.2000) .....................................8

Wolde-Meskel v. Vocational Instruction Project Cmty. Serv., Inc.  166 F.3d
59, 62 (2d Cir. 1999) ..........................................................................................10

Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ...........10

## STATEMENT OF THE CASE

This litigation arises out of defamation complaint filed by Trout Point Lodge, Limited, *a Nova Scotia Limited Company,* ("Trout Point"), and Appellants, Vaughn Perret, and Charles Leary, ("Appellants"), in the Supreme Court of Nova Scotia, Canada against Appellee, Doug K. Handshoe, a Mississippi citizen.[1] Trout Point and the Appellants claimed that Handshoe, the owner and publisher of a public affairs blog entitled "Slabbed.org," had published false and defamatory statements about them and Trout Point. Handshoe did not make an appearance in the matter, and in his absence, the Canadian court entered a default judgment against him, and ruled that Handshoe had defamed Trout Point and the Appellants. The Canadian court awarded injunctive relief prohibiting Handshoe from referring to the plaintiffs on his blog or in any communications, and also awarded separate damages awards to Trout Point, Perret, and Leary, as the Appellants filed suit individually, and on behalf of Trout Point, as a separate legal entity under the laws of Canada. (ROA. 87). In its ruling, the Canadian court identified Handshoe as being a resident of Mississippi. (ROA.87).

---

[1] A detailed discussion of the facts of this case can be found in Trout Point Lodge, Ltd. v. Handshoe, 729 F.3d 481 (5th Cir. 2013), in which this Honorable Court affirmed the lower court's granting of summary judgment in favor of the Appellee.

The Appellants filed a Motion to Enroll the foreign judgment in the Circuit Court of Hancock County, Mississippi.  As part of the Motion to Enroll, counsel for Trout Point and the Appellants filed an Affidavit with the state court based upon representations made by the Appellants.  (ROA.14).  Handshoe timely removed the State Court Litigation to the United States District Court for the Southern District of Mississippi, Southern Division pursuant to 28 U.S.C. § 4103[2].  The state court records, including the ruling by the Canadian court, were incorporated into the Motion to Remove by reference and attachment.  (ROA.14).

As the issues were strictly legal in nature, the matter was submitted to the District Court for a decision on the enforceability of the Canadian judgment by way of cross-motions for summary judgment to determine whether, as a matter of law, the Canadian judgment was enforceable against Handshoe pursuant to provisions of the Securing the Protection of our Enduring and Established Constitutional Heritage

---

[2] 28 U.S.C.A. § 4103 states:

In addition to removal allowed under section 1441, any action brought in a State domestic court to enforce a foreign judgment for defamation in which--

(**1**) any plaintiff is a citizen of a State different from any defendant;

(**2**) any plaintiff is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(**3**) any plaintiff is a citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state,

may be removed by any defendant to the district court of the United States for the district and division embracing the place where such action is pending without regard to the amount in controversy between the parties.

Act, (the SPEECH Act). In support of their Motion for Summary Judgment, Appellants and Trout Point, submitted an Affidavit of Appellant Leary, in which he attested that he had resided in Canada since 1998 and that he was the managing director, chef, and proprietor of Trout Point, a Nova Scotia Corporation with only one location in Nova Scotia that conducted business only in Canada. (ROA.1025). In another supporting exhibit, the First Amended Statement of Claim, the Appellants stated to the Canadian court that they both resided in Nova Scotia, that Appellant Leary was a business person and former professor of history, that Appellant Perret was a business person with a Juris Doctorate from Cornell University, that Trout Point was a separate legal entity registered with the Nova Scotia Registry of Joint Stocks and that its registered office and residence was in Nova Scotia. (ROA. 87).

The District Court subsequently entered summary judgment in favor of Handshoe finding that Trout Point and the Appellants failed to meet their burden under the SPEECH Act to show that Handshoe was afforded at least as much protection for freedom of speech in the foreign action in the Canadian court as he would have in a domestic proceeding or, alternatively, that Handshoe would have been found liable for defamation by a domestic court under Mississippi law, the applicable law for the legal analysis. (ROA.1503 and ROA.1522). Trout Point and the Appellants filed a timely appeal, (ROA.1523), and this Honorable Court affirmed

3

the District Court's ruling in a detailed opinion, <u>Trout Point Lodge, Ltd. v. Handshoe</u>, 729 F.3d 481 (5th Cir. 2013).

Counsel for Appellants, who had represented Trout Point and the Appellants since the filing of the original motion to enroll the foreign judgment, subsequently withdrew as counsel (ROA.1684). Appellants, appearing, *pro se,* and without Trout Point, then filed a Fed. R. Civ. P. 64(b)4 Motion to Vacate, arguing that the District Court's Order granting summary judgment in favor of Handshoe must be vacated as void, as the Court lacked subject matter jurisdiction over the matter, in that Trout Point was not a legal entity as it was not corporation, and Appellants were stateless citizens, and as such could not be subject to the jurisdiction of the court. (ROA. 1912 and ROA.1915). The District Court denied the Motion to Vacate on July 8, 2016, ruling that the Court did have jurisdiction over the matter as minimal diversity did exist between the parties. (ROA.1973). In addition, the removal necessarily required the application of federal law, invoking federal question jurisdiction. Appellants timely filed a Notice of Appeal on July 22, 2016. (ROA.1977), but the Appellants' Brief, which was due on September 19, 2016,[3] was not filed on until September 20, 2016.

---

[3] As per the Fifth Circuit Court of Appeal letter of August 9, 2016, letter to the Appellants, their brief was due within 40 days of the date of the letter, which would have been Sunday, September 18, 2016, as such the filing date fell on Monday, September 19, 2016. Appellants' Brief was not filed with the Court until September 20, 2016.

4

## SUMMARY OF THE ARGUMENT

Trout Point and Appellants sued Appellee Handshoe for defamation in the Supreme Court of Nova Scotia, Canada. In the pleadings filed with the Canadian Court, the Appellants, who appeared *pro se*, stated that they resided in Nova Scotia and that Trout Point was a separate legal entity with its office and residence in Nova Scotia. The Supreme Court of Nova Scotia issued a judgment awarding separate individual monetary damages to Trout Point and the Appellants, as well as injunctive relief. Trout Point and the Appellants, subsequently filed a motion to enroll the foreign judgment in the Circuit Court for Hancock County, Mississippi to make executory the Canadian judgment against Handshoe, a citizen of Mississippi. The Appellants sought to purposefully avail themselves of the United States judicial system. The State Court action was then timely removed to the United States District Court for the Southern District of Mississippi by Handshoe, pursuant to the provisions of 28 U.S.C. §4103. The Motion to Remove incorporated by reference and attachment the Canadian Court order that demonstrated that Trout Point was a corporation and that Handshoe was a citizen of Mississippi, as well as Affidavit of Appellants' Counsel, that identified Trout Point as a Canadian corporation. The District Court granted summary judgment in favor of Handshoe, dismissing Trout

5

Point and Appellants' claims. This Honorable Court affirmed the District Court's ruling on appeal.

Appellants, without Trout Point, then filed a Motion to Vacate the District Court's Judgment granting summary judgment in favor of Handshoe arguing that the District Court lacked subject matter jurisdiction over the action in that the Appellants were "stateless" citizens, as they were *Americans* living abroad, and Trout Point was not a separate legal entity. Handshoe did not file an opposition to the Motion, but the District Court denied the Motion to Vacate, as the SPEECH Act only requires that minimal diversity between the parties exist and the pleadings, record, and evidence demonstrated that Handshoe was a citizen of Mississippi and that Trout Point is a Canadian corporation; thus, minimal diversity existed between Handshoe and Trout Point. The Appellants filed a timely Notice of Appeal, but failed to timely file their appellate brief with this Court, as the brief was due on September 19, 2016, but was not filed until September 20, 2016, and as such should not be considered.

It is respectfully submitted that this Honorable Court should dismiss the Appellants' Appeal, as their Brief was filed untimely. It is further submitted that the Appellants' appeal is without merit as the District Court did not err in denying the

Appellants' Motion to Vacate, as contrary to the Appellants' arguments, the Motion to Remove established the existence of minimal jurisdiction at the time of removal, and the District Court's actions were not inconsistent with due process of law. Furthermore, even when presented with an unopposed Motion to Vacate, the District Court is obligated to address any jurisdictional questions raised by the Appellants in this matter.

## ARGUMENT

**The Appellants' Brief should not be considered by this Court as it is untimely.**

The August 9, 2016, letter to the Appellants clearly stated under Briefing Notice, that the Appellants' brief was due forty (40) days from the date of the letter, which would have been Sunday, September 18, 2016, and as such the filing deadline fell on Monday, September 19, 2016. Appellants' brief, however, was not filed until September 20, 2016. While it is true that *pro se* litigants are held to less stringent standards than lawyers, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), given the motions and the briefs that the *pro se* Appellants have submitted to the Canadian Court, the District Court and this Honorable Court, it is respectfully submitted that Appellants have demonstrated that they are more than capable of abiding by the Court's deadlines. Moreover, one of the Appellants has a Juris Doctorate from Cornell, and the other is a former professor of history, as such,

they are not uneducated lay people and should not be given the leniency and leeway that are generally afforded most *pro se* litigants.  It is respectfully submitted that the Appellants' Brief should not be considered, and the Appellants' appeal should be dismissed.

**The District Court had subject matter jurisdiction over this matter as minimal diversity existed among the parties at the time of removal.**

A district court's denial of a Fed. Rule Civ. P. 60(b)(4) motion to set aside a judgment as void is reviewed *de novo.* Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir.1998).  There are two circumstances in which a judgment may be set aside under Rule 60(b)(4): 1) if the initial court lacked subject matter or personal jurisdiction; and 2) if the district court acted in a manner inconsistent with due process of law. *Id.* at 1006; *see also* Jackson v. FIE Corp*., 302 F.3d 515, 521–22 (5th Cir.2002).  Because federal courts regulate the scope of their own jurisdiction, a Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a "clear usurpation of power" or "total want of jurisdiction."  Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003), citing, Nemaizer v. Baker*, 793 F.2d 58, 64–65 (2d Cir.1986); *see also* United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir.2000)

("Only when the jurisdictional error is 'egregious' will courts treat the judgment as void.").

This case was removed to federal court as the heart of the matter, i.e. the enforceability of foreign judgment for defamation against a U.S. citizen in a domestic court, is a federal question, as clearly stated in the Motion to Remove. Congress, pursuant to its power under Article III to ordain and establish federal courts, U.S. Const. art. III, § 1, has granted to district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331. Removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint. Rivet v. Regions Bank of La.*,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (internal quotations omitted). *See* also PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*,* 418 F.3d 535, 543 (5th Cir.2005).

The Appellants argue that District Court's Order must be vacated as void because Handshoe failed to plead the minimal diversity required by 28 U.S.C.A. § 4103, and that minimal diversity did not exist as they are American citizens living abroad, and thus are "stateless" citizens that cannot be subject to the jurisdiction of the District Court. Appellants further argued that Handshoe also failed to establish that he was a citizen of the State of Mississippi, as he did not state as much in the

Motion to Remove, and that Trout Point could not be used to establish minimal diversity because it is not a separate legal entity.

Satisfaction of the requirement of diversity is "determined as of the date that suit is filed—the 'time-of-filing' rule." Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 62 (2d Cir.1999). "Federal diversity jurisdiction is not lost by post-filing events that change or disturb the state of affairs on which diversity was properly laid at the outset." *Id.* Moreover, the determination of a party's domicile for purposes of diversity jurisdiction is a mixed question of law and fact, and the district court's finding will generally not be set aside unless clearly erroneous. *See* McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir.2006); Coury v. Prot, 85 F.3d 244, 251 (5th Cir.1996); Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir.1983); Holmes v. Sopuch, 639 F.2d 431, 434 (8th Cir.1981); *see also* LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir.2001) (stating that a person's domicile is a question of fact). Most rules of citizenship are well established. A natural person is deemed to be a citizen of the state where he is domiciled. A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir.2010). As the District Court pointed out, Appellants' arguments completely ignore the record evidence that Trout Point is a

10

Canadian corporation. In addition to Appellant Leary's Affidavit, in which he attested to Trout Point's legal status as a corporation, Appellants also ignore the documents that were incorporated into and made a part of the Motion to Remove as they were attached to and referenced in the Motion. These Documents included an Affidavit submitted by Appellants' former counsel based upon representations made to him by the Appellants, in which Appellants' former counsel indicated that Trout Point was a separate legal Canadian entity. Moreover, the litigation in Canada and the Motion to Enroll the foreign judgment was entitled, "Trout Point Lodge, Limited, *a Nova Scotia Limited Company,* et al v. Doug K. Handshoe," based upon the Appellants representations that Trout Point is a separate legal entity. The judgment of the Canadian court was also incorporated into the Motion to Remove. The Canadian judgment identifies Trout Point as a *"Nova Scotia Limited Company,"* and awarded Trout Point separate and substantial damages apart from the damages awarded to the Appellants, clearly speaking to Trout Point's status as a separate legal entity.

As Appellants have attested to the District Court, as well as, to the Supreme Court of Nova Scotia that Trout Point is a Canadian corporation with its principal place of business and residence in Canada, Trout Point is a corporation that can be used to establish minimal diversity. However, Appellants are now attempting to

argue, all record evidence to the contrary, that Trout Point cannot be used to establish minimal jurisdiction as it is not legal entity.  Assuming for the sake of argument that this is true, which is denied, then Appellants have not only caused an officer of the Court to make a misrepresentation to the Mississippi State Court under oath, but have also committed fraud upon the Supreme Court of Nova Scotia, the Mississippi State Court, the Federal District Court, and this Honorable Court, as they filed a suit on behalf of a Trout Point, a corporation they are now claiming does not legally exist, were awarded damages for that same corporation, and have made repeated attempts in Mississippi State Court and Federal Court to collect those damages. Appellants cannot have it both ways, they cannot make claim for and attempt to collect damages for defamation to a corporation and then turn around and claim that same corporation does not exist in an attempt to void an unfavorable judgment.

The Motion to Remove also established Handshoe's citizenship as the incorporated Canadian judgment referred to Appellee as "The Defendant Douglas K. Handshoe of Mississippi," clearly identifying him as citizen of the State of Mississippi.

As to Appellants' claim that they are "stateless" citizens, with respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile, and residence in fact, and the intention of making the place of residence

12

one's home, are essential elements of domicile. Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954). It is abundantly clear that the Appellant Leary, at least for the purposes of diversity jurisdiction, is domiciled in Nova Scotia, Canada, as he has resided and worked there since 1998, has stated to the Supreme Court of Nova Scotia that he is resident of Nova Scotia, Canada, and has availed himself to the judicial court system in Canada.

Clearly, the record is replete with evidence supporting the existence of minimal diversity between Handshoe and Trout Point, and Handshoe and Leary, at the time this matter was removed to District Court, and throughout this litigation. Furthermore, the Appellants' argument completely ignores that the District Court had an entirely separate basis for federal jurisdiction, interpretation of a federal statute, the SPEECH Act. That, standing alone, was a sufficient basis for jurisdiction in the District Court, and for the Appellants to not address this is sanctionable.

Additionally, if there was any judicial error on the part of the District Court, which is denied, as the District Court clearly had diversity jurisdiction over the litigation in this matter, the jurisdictional error, if any, does not appear to be "egregious," as this Court explained in depth in Trout Point Lodge, Ltd. v. Handshoe, 729 F.3d 481 (5th Cir. 2013), that the Appellants failed to show that the allegations in their statement of claim, standing alone and taken as true, would be

sufficient to support a defamation claim in a Mississippi court. Thus, even if this matter was pending before the Mississippi State Court, the Appellants would not prevail on their defamation claim, and the defamation judgment would still be found repugnant to the SPEECH Act and not enforceable in the United States.

**The District Court did not act in a manner inconsistent with due process of law.**

As noted above, Rule 60(b)(4) relief is warranted if a district court's actions are inconsistent with due process of law. *See Carter,* 136 F.3d at 1006. Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction. "[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack." Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 210 (5th Cir. 2003) (quoting Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1027 (5th Cir.1982)). In this case, there is no evidence of any such irregularities. The Appellants were represented by counsel until their counsel withdrew on May 14, 2014, and even as *pro se* litigants, the Appellants have demonstrated that they are capable of adequately representing themselves.

As to Appellants' argument that the District Court did not have the discretion to make an adverse ruling on an unopposed Motion to Vacate, it is well established that federal courts "must raise and decide jurisdictional questions that the parties

14

either overlook or elect not to press." <u>A.I.M. Controls, L.L.C. v. C.I.R.</u>, 672 F.3d 390, 392 (5th Cir. 2012), quoting, <u>Henderson ex rel. Henderson v. Shinseki</u>, 562 U.S. 428, 433, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011).  Thus, the District Court was obligated to address any jurisdictional issues raised by the Appellants in their Motion to Vacate.

## Conclusion

It is respectfully submitted for the forgoing reasons, that *de novo* review of this matter will demonstrate that the District Court ruled correctly in this matter. Accordingly, the ruling of the District Court denying the Appellants' Motion to Vacate should not be disturbed.

Respectfully submitted, this the 8th day of November, 2016.

**THE TRUITT LAW FIRM**
A Limited Liability Company

*s/ Jack E. Truitt*
JACK E. TRUITT, LA. BAR NO. 18476
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Appellee, Douglas K. Handshoe

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief of Appellee has been filed in the

office of the Clerk for the United States Court of Appeals for the Fifth Circuit via

the court's CM/ECF filing system which sent notification of same to the following:

The Honorable Louis Guirola, Jr.
Chief District Judge
2012 15th Street, Suite 814
Gulfport, MS 39501

The Honorable Judge John Roper
Chief Magistrate
2012 15th Street, Suite 87
Gulfport, MS 39501

Mr. Vaughn Perret
Trout Point Lodge, Ltd.
140 Trout Point Road
Kemptville, Nova Scotia, B5A 5X9, Canada
Email: foodvacation@gmail.com

Mr. Charles Leary
Trout Point Lodge, Ltd.
140 Trout Point Road
Kemptville, Nova Scotia, B5A 5X9, Canada
Email: foodvacation@gmail.com

On the 8th day of November 2016.

*s/ Jack E. Truitt*
JACK E. TRUITT, LA BAR NO. 18476
**THE TRUITT LAW FIRM**
A Limited Liability Company
Counsel for Appellee, Douglas K. Handshoe

# CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.2 and 32.3, the undersigned certified that the Appellees' Brief complies with the type-volume limitations of Fed. R. App. 32(1)(7).

1. EXCLUSIVE OF THE EXEMPTED PORTIONS IN 5th Cir. R. 32.2, THE BRIEF CONTAINS **4,499** WORDS.

2. THE BRIEF HAS BEEN PREPARED IN PROPORTIONALLY SPACED TYPEFACE USING WORD PERFECT SOFTWARE, IN TIMES NEW ROMAN, 14 POINT FONT.

3. THE UNDERSIGNED UNDERSTANDS A MATERIAL MIS-REPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN Fed. R. App. P. 32(a)(7), MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THIS BRIEF.

*s/ Jack E. Truitt*
JACK E. TRUITT, LA BAR NO. 18476
**THE TRUITT LAW FIRM**
A Limited Liability Company
Counsel for Appellee, Douglas K. Handshoe