# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

### NO: 16-60508

VAUGHN PERRET
and CHARLES LEARY                                    **APPELLANTS**

VERSUS

DOUG K. HANDSHOE                                    **APPELLEE**

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

---

## REPLY BRIEF OF APPELLANTS
## VAUGHN PERRET AND CHARLES LEARY

Charles Leary & Vaughn Perret, *pro se*
Email: foodvacation@gmail.com
140 Trout Point Road
E. Kemptville, Nova Scotia B5A 5X9
Canada
Telephone: (902) 761-2142
Facsimile: (800) 980-0713



# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

### NO: 16-60508

**VAUGHN PERRET**
**and CHARLES LEARY**                                   **APPELLANTS**

**VERSUS**

**DOUG K. HANDSHOE**                                   **APPELLEE**

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

---

### REPLY BRIEF OF APPELLANTS
### VAUGHN PERRET AND CHARLES LEARY

Charles Leary & Vaughn Perret, *pro se*
Email:  foodvacation@gmail.com
140 Trout Point Road
E. Kemptville, Nova Scotia B5A 5X9
Canada
Telephone: (902) 761-2142
Facsimile: (800) 980-0713

# TABLE OF CONTENTS

PAGES

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

LIST OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT & AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        Summary. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Facts Misrepresented . . . . . . . . . . . . . . . . . . . . . . . . 3

TIME OF FILING OF APPELLANTS' BRIEF . . . . . . . . . . . . . . . . . .. 4

APPELLEE'S MERITS ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . 5

      Both Sides Agree Time of Filing Rule Applies . . . . . . . . . . . 6

      Appellee Improperly Shifts Burden: Misconstrues Standard . .7

      Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      A Jurisdictional Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      Appellee Adopts "Minimal Diversity of
      Citizenship Was Required" . . . . . . . . . . . . . . . . . . . . . 13

      Appellee Confuses & Conflates "Separate Legal
      Entity" with Corporation as Used in
      the Common Law of Federal Jurisdiction;
      Argues for First Time on Appeal. . . . . . . . . . . . . . . . . . 13

      Handshoe's Citizenship . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Appellee Ignores *Coury* and Conflates &
Confuses Domicile of a Stateless U.S. Citizen
with "Citizen of a State" Under Art. III . . . . . . . . . . . . . . . . . . 21

"Federal Question": Failure to Make
Allegations of Citizenship Was a Fatal Jurisdictional Fault . . . 22

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

CERTIFICATE OF COMPLIANCE WITH RULE 32(A). . . . . . . . . . . . . . . 30

# TABLE OF AUTHORITIES

<u>CASES</u>                                                                <u>PAGES</u>

*Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) . . . 28

*Americold Realty Trust v. Conagra Foods, Inc.*,
2016 W.L. 854159 (U.S. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13, 14, 27

*Arbaugh v. Y & H Corp.*, 546 U.S. 500,
126 S. Ct. 1235, 163
L. Ed. 2D 1097 (2006)            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

*AU Optronics Corp. v. South Carolina*,
699 F.3d 385 (4th Cir. 2012)            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*AURUM ASSET MANAGERS, LLC v. DE SEGUROS*,
No. 10-4281 (3d Cir. Aug. 15, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

<u>*Baer v. United Servs. Auto. Ass'n,*</u> 503 F.2d 393, 395 (2d Cir. 1974) . . . . . . . 17

<u>*Bell Helicopter Textron Inc. v. Islamic Republic*
*of Iran,*</u> 892 F.Supp.2d 219, 225, 234 (D.D.C.2012). . . . . . . . . . . . . . . . . . . . 11

*Box v. DALLAS MEXICAN CONSULATE GENERAL*,
No. 14-10744 & 14-10953(5th Cir. Aug. 19, 2015). . . . . . . . . . . . . . . . . . . . . 9, 12

*Braud v. Transport Service Co. of Illinois*,
445 F.3d 801 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) . . . . . . 19

*Brumfield v. Louisiana State Board of Education*,
No. 14-31010 (5th Cir. Nov. 10, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . .6-7, 9

iii

*Callon Petroleum Co. v. Frontier Ins. Co.*,
351 F.3d 204 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct.
1015, 108 L. Ed. 2D 157 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15-16

Carter v. Fenner, 136 F.3d 1000,
1005 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Caterpillar Inc.* v. *Lewis,* 519 U. S. 61 (1996) . . . . . . . . . . . . . . . . . . . . . 12

*Celanese Corp. v. Martin K. Eby Constr. Co., Inc.*,
620 F.3d 529, 531 (5th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Chapman* v. *Barney,* 129 U. S. 677 (1889). . . . . . . . . . . . . . . . . . . . . . . . 16-17

*Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . 2, 5, 6, 7, 15, 21

*Craig v. Ontario Corp.*, 543
F.3d 872 (7th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*DORSTEN v. SLF SERIES G, LLC*,
No. 15-CIV-61235-BLOOM/Valle (S.D. Fla. Sept. 21, 2015) . . . . . . . . . . . . . 24

*Dresser Indus. v. Underwriters At Lloyd's of London*,
106 F.3d 494 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Exxon Mobil Corp. v. Allapattah*
*Servs., Inc.*, 545 U.S. 546, 552 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . 24-26

*FELLOWES v. CHANGZHOU XINRUI*
*FELLOWES OFFICE EQPT.*,
759 F.3d 787 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Getty Oil, Div. Of Texaco v. Ins.*
*Co. of North Am.*, 841 F.2d 1254 (5th Cir. 1988) . . . . . . . . . . . . . . . . . 10, 20

iv

*Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769 (9th Cir. 1986) . . . 8

*Harvey v. Grey Wolf Drilling Co.,*
*542 F.3d 1077 (5th Cir. 2008)*        . . . . . . . . . . . . . . . . . . . . . . . 16

HEAT OILFIELD RENTALS, LTD. v. VULCAN
OILFIELD SERVICES, LLC, Dist. Court,
WD Pennsylvania, No. 2:15-cv-332, (March 12, 2015) . . . . . . . . . . . . . . . . . 17

*IN RE SLABBED NEW MEDIA, LLC,*
No. 15-50963-KMS
(Bankr. S.D. Miss. Sept. 16, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*IN THE MATTER OF EXQUISITE*
*DESIGNS BY CASTLEROCK AND*
*COMPANY*, No. 16-20353. Summary
Calendar (5th Cir. Nov. 7, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Jackson v. Allen,* 132 U.S. 27,
10 S.Ct. 9, 33 L.Ed. 249 (1889)        . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Joint Heirs Fellowship Church v. Akin*, No. 14-20630,
--- Fed. Appx. ---, 2015 WL 6535336 (5th Cir. 2015) . . . . . . . . . . . . . . . . 23

*Kokkonen v. Guardian Life Ins. Co.*
*of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. . . . . . . . . . . . . . . . . . . . . . . . . 19

*Laguna Royalty Company v. Marsh*, 350 F.2d 817 (5th Cir. 1965) . . . . . . . . 9

*Linardos v. Fortuna,* 157 F.3d 945, 947 (2d Cir.1998). . . . . . . . . . . . . . . . . . 6, 20

*Lowery v. Alabama Power Co.*, 483 F.3d
1184 (11th Cir. 2007)        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864 (5th Cir. 2009) . . . 14

*Matter of Edwards*, 962 F.2d 641 (7th Cir. 1992). . . . . . . . . . . . . . . . . . . . . .10

v

*Nelon v. Mitchell Energy Corp.*, 941 F. Supp. 73 (N.D. Tex. 1996) . . . . . . 23

*Nemaizer v. Baker,* 793
F.2d 58, 65 (C.A.2 1986)        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-12

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826,
109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Newsome v. National Casualty Company,*
No. 15-30573 (5th Cir. Aug. 11, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*North Alamo Water v. City of San Juan, Tex.*, 90 F.3d 910 (5th Cir. 1996) . . 14

*Picco v. Global Marine Drilling Co.,*
*900 F.2d 846 (5th Cir. 1990)*                . . . . . . . . . . . . . . . . . 10

*Pontigon v. Lord,* 340 S.W.3d 315 (Mo. Ct. App. 2011) . . . . . . . . . . . . 25

*Smallwood v. Illinois Cent. R. Co.,*
385 F.3d 568 (5th Cir. 2004)          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

*St. Paul Mercury Indem Co. v. Red Cab Co.,* 303 U.S.
283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). . . . . . . . . . . . . . . . . . . . . . . . 18

*Strain v. Harrelson Rubber Co.,* 742
F.2d 888, 889 (5th Cir.1984)      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Theriot v. Parish of Jefferson*, 185 F.3d 477 (5th Cir. 1999) . . . . . . . . . . . 21

*Underwriters at Lloyd's, London v.*
*Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Tittjung,*
*235 F.3d 330 (7th Cir. 2000)*        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10-12

vi

*United Steelworkers of Am. v. R.H. Bouligny, Inc.*
382 U.S. 145, 146-47, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965) . . . . . . . . . 17

*Vasura v. Acands*, 84 F. Supp. 2d 531 (S.D.N.Y. 2000) . . . . . . . . . . . . . 28

*Verlinden BV v. Central Bank of Nigeria*,
461 U.S. 480, 103 S. Ct. 1962, 76 L. Ed. 2D 81 (1983) . . . . . . . . . . . . . 26

*White Pearl Inversiones SA v. Cemusa, Inc.*,
647 F.3d 684 (7th Cir. 2011)      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Wolde–Meskel v. Vocational Instruction Project*
*Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999). . . . . . . . . . . . . . . . . . . . . 7

*Yount v. Handshoe*, 171 So. 3d 381 (La. Ct. App. 2015) . . . . . . . . . . . . . 4

*Yount v. Handshoe*, 179 So. 3d 856 (La. Ct. App. 2015) . . . . . . . . . . . . . 4

*Yount v. Handshoe*, 187 So. 3d 462 (La. 2016) . . . . . . . . . . . . . . . . . . . . . 4

## STATUTES

U. S. Const., Art. III, § 2, cl. 1 . . . . . . . . . . . . . . . . . . . . . . . . 9, 13,16, 29

28 U.S.C. § 1653. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

28 U.S.C. § 1441. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 21, 24

28 U.S.C. § 4101 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

28 U.S.C. § 4103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 26

Fed.R.Civ.P 60(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-13

5TH Cir. R. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## ARGUMENT & AUTHORITIES
## VAUGHN PERRET AND CHARLES LEARY

**Appellants Reply to Appellee**

Appellants rely upon the arguments set forth in Appellants' Brief. Nevertheless, Appellants file this Reply Brief to address certain arguments and representations made in Appellees' Brief.

This is the first occasion Appellee opposes vacation of the district court's judgments. As already argued, this Court takes the failure to oppose an argument about subject-matter jurisdiction as significant. For all parties on appeal, legal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal.

**Summary**

Appellee and Appellants apply the same cases regarding the standard to be applied in Rule 60(b)(4) cases, however Appellee misconstrues the cases and fails to distinguish, or even mention, Appellants' argument in this regard.

Appellee readily agrees with Appellants that the time of filing rule applies in this case. However, Appellee misrepresents the established test under Rule 60(b)(4) to be that both (a) a lack of jurisdiction *and* (b) a lack of due process are required to vacate a judgment as void. The correct proposition is not *and*, but rather *or*. Only a lack of subject-matter jurisdiction is required.

Appellee's brief also misrepresents allegations made in the record at the time of filing and the time of removal, in particular regarding the "corporate" status of a Nova Scotia joint stock company whose members are the Appellants. Misconstruing his own case law, Appellee repeatedly asserts that minimal diversity had to exist only at the time of removal, while in fact minimal diversity had to exist in the record at the time of filing.

Appellee confuses and conflates being a distinct juridical entity with being a corporation for purposes of diversity jurisdiction. Appellee equally misrepresents the concept of "domicile" in determining citizenship; he conflates a stateless United States citizen being domiciled in Canada with being a citizen of Canada for purposes of jurisdiction, ignoring this Court's decision in *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir.1996). Finally, Appellee fails to distinguish an egregious error in determining jurisdiction with an egregious error in determining the merits of the case. He fails to rebut Appellants' arguments regarding the standard to be used on a Rule 60(b)(4) motion given the facts in this case. In all, Appellee attempts to distort the facts of this case, and apply an incorrect standard, but agrees to the basic principle here, which is that jurisdiction had to exist and be evident at the time of filing and time of removal, an event of jurisdictional significance. Subject-matter jurisdiction was always lacking in this case due to Appellee's own failure to follow the law.

**Facts Misrepresented**

Appellants and their company started an action to enforce a Canadian money judgment for damages from defamation, civil harassment, injurious falsehood, and other causes of action in Mississippi state court; Appellee removed that case to U.S. district court citing only federal question jurisdiction and the SPEECH Act.[1]

At the time of filing Appellants were U.S. citizens domiciled in Canada. Both sides acknowledge Appellants' company, Trout Point Lodge, Limited, (hereafter "TPL") was a Nova Scotia limited company registered with the Nova Scotia Registry of Joint Stock Companies. There existed no allegations whatsoever of citizenship, domicile, or "corporate" status in the state court record or Appellee's Notice of Removal (ROA.14-29).

In his brief, Appellee makes factual assertions unsupported by this record. Appellee asserts that the Nova Scotia court "identified Handshoe as being a resident of Mississippi." In fact, the Canadian court simply stated that Appellee was "Handshoe of Mississippi," not referring to residency or domicile. Appellee asserts to this Court as a fact the following conclusory allegation: "The Motion to Remove incorporated by reference and attachment the Canadian Court order that

---

[1]Appellee and his Louisiana attorney, Mr. Truitt, have subsequently been sued for defamation by the process server used in this case, Chris Yount, for defamatory blogging authored by both Appellee and his attorney. At the appellate level, both lost anti-SLAPP special motions to strike (including on appeal to the Louisiana Supreme Court) because they were blogging about private matters. Cf. *Yount v. Handshoe*, 171 So. 3d 381 (La. Ct. App. 2015); *Yount v. Handshoe*, 179 So. 3d 856 (La. Ct. App. 2015); *Yount v. Handshoe*, 187 So. 3d 462 (La. 2016); *IN RE SLABBED NEW MEDIA, LLC*, No. 15-50963-KMS (Bankr. S.D. Miss. Sept. 16, 2016).

demonstrated that Trout Point was a corporation and that Handshoe was a citizen of Mississippi, as well as Affidavit of Appellants' Counsel, that identified Trout Point as a Canadian corporation." In fact, the Canadian court order referred to TPL as a Nova Scotia limited company, *not* a corporation (ROA.21). The Motion to Remove made no allegation whatsoever regarding Handshoe's citizenship (ROA.14-16). The affidavit of Appellants' counsel only identified TPL as a "Nova Scotia limited company" (ROA.23-24).

## Argument

### Time of Filing: Timeliness of Appellants' Brief

Appellee asserts, with no citation to Fed.R.App.P. 26 that Appellants' primary brief was not timely filed, and that therefore this Court should summarily dismiss this appeal. The brief was due by September 19, 2016. The record clearly shows that the printed brief was mailed from Nova Scotia on September 16, 2016, using Canada Post/FedEx "Priority Worldwide," the fastest delivery service available. It was court stamped on September 20, 2016 (but received in New Orleans on September 19, 2016 according to the FedEx barcode sticker visible on the envelope). 5TH Cir. R. 26 states that briefs "are deemed filed" "within 3 days" when delivered by commercial carrier, "or on the day of mailing if the most expeditious form of delivery by mail is used." Appellants' brief was clearly timely filed and should not be dismissed as Appellee argues.

**Appellee's Merits Argument**

At the conclusion of his brief, it appears evident that a large part of Appellee's argument amounts to appealing to federal courts' understandable dislike of motions to vacate after entry of a final judgment. Appellee argues without success that Appellants are now changing their argument about TPL (which is not true) and that their motions will ultimately be futile on the merits: "even if this matter was pending before the Mississippi State Court, the Appellants would not prevail on their defamation claim, and the defamation judgment would still be found repugnant to the SPEECH Act and not enforceable in the United States."

However, this is not the standard that this Honorable Court must apply here; this is a question of subject-matter jurisdiction brought to Appellants' attention by the action of the same district court in a case involving the same parties and issues in 2016, in which that case was remanded for a lack of diversity jurisdiction. As stated in *Coury, supra*:

> [T]hese principles [of subject-matter jurisdiction] can result in a tremendous waste of judicial and private resources. The general reaction is that this waste is simply a price that must be paid for federalism. 1 J. Moore, Moore's Federal Practice § 0.74[1] (1996). Some cases cry out for an exception to the rules, for example, when a party who invokes federal jurisdiction recants his original jurisdictional allegations or "discovers" that there was no diversity after all after suffering a loss on the merits. *Id.* So far, however, the traditional rule stands firm despite the urging of commentators for doctrines of estoppel or waiver to bar litigants from "playing fast and loose with the judicial machinery" and using the federal courts' limited subject matter jurisdiction in bad faith. *Id.* at n. 29. A few circuits have demonstrated a

willingness to do so only to be repudiated by intervening Supreme Court decisions.

## Both Sides Agree on Time of Filing Rule Applies in This Case

Appellee argues (correctly) that the "time of filing rule" applies in this case, and that this requires that "diversity was properly laid at the outset" of the case in state court. For this proposition, Appellee relies on *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999), which applied *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir.1998) for the proper conclusion that the "time-of-filing rule applies in the citizenship context." Appellee also favorably cites *Coury, supra.*

Appellants argue that accepting jurisdiction, taking this case away from the state court, and moving to the merits absent a showing of required threshold minimal diversity of citizenship, based solely on Appellee's egregiously erroneous and conclusory allegation of "federal question" jurisdiction was a total usurpation of power, and thus the district court's orders must be vacated and the case remanded to state court.

However, Appellee's brief incorrectly states that "a judgment may be set aside under Rule 60(b)(4): 1) if the initial court lacked subject matter or personal jurisdiction; *and* 2) if the district court acted in a manner inconsistent with due process of law" (emphasis added). In fact, "[a]n order "is void only if the court that rendered it lacked jurisdiction of the subject matter, *or* of the parties, *or* it acted in

a manner inconsistent with due process of law."" *Brumfield v. Louisiana State Board of Education*, No. 14-31010 (5th Cir. Nov. 10, 2015) (emphasis added). Appellee then immediately moves on to characterize *not* the record at the time of filing or even the time of removal, but rather during the merits phase in the district court, thus ignoring the time of filing rule he purportedly accepts, referring to "Appellant Leary's Affidavit, in which he attested to Trout Point's legal status as a corporation." This affidavit was filed and attested to facts months *after* the time of filing and was not addressing federal jurisdiction, but rather Nova Scotia law.

"In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court" *Coury, supra*. "[I]f an original complaint is not amended, removal must be determined based only on the law and facts as to removability at the time of filing or receipt of the initial pleading." *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801 (5th Cir. 2006). According to the standard adopted by Appellee, in denying Appellants' motion to vacate, the district court cannot have looked to the facts of diversity of citizenship underlying removal based on anything other than the state court record and the Notice of Removal, *both* of which had to demonstrate minimal diversity. Neither did.

**Appellee Improperly Shifts Burden: Misconstrues Standard**

The burden of establishing federal jurisdiction falls on the party invoking removal by a preponderance of the evidence, including in Rule 60(b)(4) motions; *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769 (9th Cir. 1986); *Craig v. Ontario Corp.*, 543 F.3d 872 (7th Cir. 2008). Appellee's sole jurisdictional allegation at the time of removal was "federal question." This was an incorrect, conclusory allegation and in reality at the time of filing and removal, this case was not removable due to a lack of minimal diversity of citizenship that then lingered throughout the entire proceeding unnoticed.

Appellee relied on 28 U.S.C. § 1441, but the sole Congressional Act in question, the SPEECH Act, required minimal diversity of citizenship consistent with Art. III. Therefore it was always, and remains Appellee's burden to show that the required minimal diversity existed at the time of filing. However, Appellee's brief insinuates that it was Appellants who bore the burden of proving jurisdiction by repeatedly referring to facts that Appellants have brought forth to question subject-matter jurisdiction. In fact, the arguments about the stateless status of TPL, Leary, and Perret's citizenship are unnecessary. Applying the correct burden, in the absence of any allegations of citizenship from Appellee—regardless of the stateless U.S. citizen status of TPL, Leary, and Perret— diversity jurisdiction never existed *ab initio*.

**Standard**

Appellee says a higher "clear usurpation of power" standard should apply. Given the facts of this case, a *de novo* jurisdictional standard may apply. Both the Supreme Court and this Court have intentionally refused to say any higher standard should apply in all Rule 60(b)(4) cases. See *Espinosa* ("This case presents no occasion to engage in such an "arguable basis" inquiry or to define the precise circumstances in which a jurisdictional error will render a judgment void"); *Dallas Mexican Consulate, cert. denied  DALLAS MEXICAN CONSULATE GENERAL v. Box*, No. 15-831 (U.S. Apr. 25, 2016) ("we express no opinion as to the proper standard of review" between *de novo* and "arguable basis," at fn 5); *Brumfield* ("The Supreme Court, in sum, has not definitively interpreted this rule.") Indeed, Rule 60(b) "is to be construed liberally to do substantial justice." *Laguna Royalty Company v. Marsh*, 350 F.2d 817 (5th Cir. 1965).

*Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) can be distinguished largely because the undisputed existence of diversity jurisdiction in *Callon* was enough to defeat the Rule 60(b)(4) motion. In *Brumfield, supra,* this Court also distinguished *Callon* because it was not a case "which is remotely similar to the instant case factually, temporally, or legally." *Callon* was used by both the District Court and Appellee for the proposition that "federal courts *regulate* the scope of their own jurisdiction" to justify applying a higher standard (emphasis added). Yet in the instant case the District Court never

addressed, i.e. "regulated," its own subject-matter jurisdiction. See *IN THE MATTER OF EXQUISITE DESIGNS BY CASTLEROCK AND COMPANY*, No. 16-20353. Summary Calendar (5th Cir. Nov. 7, 2016).: "a court's *prior* determination of its own jurisdiction" is necessary to apply *res judicata* principles and the higher "clear usurpation of power" standard (referring to *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990)) (emphasis added). When "the district court made no findings or determination, specific or otherwise, regarding jurisdiction" this Court will "decline to presume, as the defendants-appellees suggest, that the district court actually considered the unresolved jurisdictional issues before ruling on the merits of the case"; *Getty Oil, Div. Of Texaco v. Ins. Co. of North Am.*, 841 F.2d 1254 (5th Cir. 1988).

*Nemaizer v. Baker,* 793 F.2d 58, 64–65 (2d Cir.1986) and *United States v. Tittjung,* 235 F.3d 330, 335 (7th Cir.2000) also rely on there being a "jurisdictional finding" (that was allegedly erroneous) (*Tittjung,* citing *In re Edwards*, 962 F.2d 641, 644 (7th Cir.1992)) and otherwise a reasonable basis standard applies. "[T]he "clear usurpation standard" [...] only applies in circumstances in which the parties have had their day in court on the issue of jurisdiction[...]" "In circumstances where jurisdiction has never been litigated, principles of *res judicata* do not apply and a district court's exercise of jurisdiction is reviewed for error." *AURUM ASSET MANAGERS, LLC v. DE SEGUROS*, No. 10-4281 (3d Cir. Aug. 15, 2011),

applying *Nemaizer* and *Tittjung, supra*; accord: *Bell Helicopter Textron Inc. v. Islamic Republic of Iran,* 892 F.Supp.2d 219, 225, 234 (D.D.C.2012), affirmed *BELL HELICOPTER TEXTRON v. Islamic Republic,* 734 F.3d 1175 (D.C. Cir. 2013).

Appellee also haplessly argues that any error by the district court was not egregious, but erroneously conflates the egregiousness of an error in the exercise of subject-matter jurisdiction with the egregiousness of an error in deciding the merits. With this argument, Appellee misinterprets the "egregious" standard sometimes used in Rule 60(b)(4) motions. On appeal, it is patently incorrect to address the merits of "underlying orders, rather than" the substance of "the district court's denial of [the] Rule 60(b) motion"*Newsome v. National Casualty Company*, No. 15-30573 (5th Cir. Aug. 11, 2016). In addition, a federal court has no discretion to deny a motion for relief from a judgment unsupported by subject matter jurisdiction; Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998), cert. denied, 525 U.S. 1041 (1998).

## A Jurisdictional Case

This Court has found that principles of finality developed in the common law yield to constitutional imperatives like minimal diversity of citizenship; *Jackson v. FIE Corp.*, 302 F.3d 515 (5th Cir. 2002). Supreme Court jurisprudence on subject-matter jurisdiction agrees. In contrast with the instant case, in the

seminal cases *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004), *Caterpillar Inc.* v. *Lewis*, 519 U. S. 61 (1996), and *Newman-Green, supra*, there was no question that Art. III minimal diversity existed from the time of filing.

*This case meets the requirement of glaringly displaying the precise kind threshold jurisdictional defect required in 60(b)(4) cases.* As distinguished from the instant case, *Espinosa* was **not** a jurisdictional case, which is determinative in the 60(b)(4) context. Likewise, *Box* v. *DALLAS MEXICAN CONSULATE GENERAL, supra*, involved foreign sovereign immunity and subject-matter jurisdiction. This Court emphasized the lack of a controversy involving "jurisdictional facts" in that case in addressing Rule 60.

In sum, on a Rule 60(b)(4) motion, when as here there has been no adjudication of subject matter jurisdiction by the district court, and a jurisdictional fault has passed unnoticed, a district court's exercise of jurisdiction is reviewed for error, i.e. using a reasonable basis standard. Rule 60(b)(4) provides an exception to common law concerns about finality. The cases cited by Appellee—like *Tittjung* and *Nemaizer*– say as much, and there is nothing in *Callon* to refute this. In addition, since *Espinosa*, this Court has refused to apply the standard in *Callon sui generis* to all 60(b)(4) cases.

**Appellee Adopts "Minimal Diversity of Citizenship Was Required"**

Appellee goes to great pains to establish that minimal diversity was actually established in the record *after* the time of filing, accepting that the SPEECH Act required minimal diversity of citizenship.[2] This is later internally contradicted by Appellee's argument that the district court's jurisdiction was based not on diversity, but rather only on "federal question." As argued below, the SPEECH Act requires minimal diversity of citizenship due to Article III of the Constitution; the SPEECH Act requires at the threshold minimal diversity for jurisdiction to attach to the district court.

**Appellee Confuses & Conflates "Separate Legal Entity" with Corporation as Used in the Common Law of Federal Jurisdiction; Argues for First Time on Appeal**

The Court in *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2D 157 (1990), reaffirmed in *Americold Realty Trust v. CONAGRA FOODS*, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016), provided "a general rule: *every association of a common-law jurisdiction other than a corporation is to be treated like a partnership.*" *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.1998) (emphasis in original) That rule applies without regard to the corporation-like features or other business realities of the artificial entity. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010). Appellee in all respects mischaracterizes Appellants' argument and the facts

---

[2]Appellee twice refers to "minimal jurisdiction" in his brief. There is no concept of "minimal jurisdiction" only the threshold issue of minimal diversity of citizenship, which either existed at the time of filing or did not.

when he states that Appellants are arguing "Trout Point could not be used to establish minimal diversity because it is not a separate legal entity." This is a straw man, and Appellants have said nothing except that TPL was a "Nova Scotia limited company" at the time of filing.

Legal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal; cf. *Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864 (5th Cir. 2009) ("arguments not raised before the district court are waived and cannot be raised for the first time on appeal."); also *North Alamo Water v. City of San Juan, Tex.*, 90 F.3d 910 (5th Cir. 1996). Appellee has never previously argued his "separate legal entity" theory; neither in the original district court proceeding, nor on the motions to vacate.

However, were this Court to consider the "separate legal entity" theory of diversity jurisdiction, it fails. TPL *is* a juridical entity distinct from the Appellants under *Nova Scotia law*. As in *Americold, supra*, under Nova Scotia law TPL is "a "separate legal entity" that itself can sue or be sued," but as recently again pointed out in *Americold*, that does not mean it is a "corporation" for purposes of diversity of citizenship. Appellants cited extensively from *Americold* and its predecessors in their primary brief and before the district court.

Appellee (incorrectly) argues "[t]hat every "juridical person" — that is, every entity that can own property, make contracts, transact business, and litigate

in its own name — is a corporation for the purpose of § 1332 no matter what other attributes it has or lacks" *FELLOWES v. CHANGZHOU XINRUI FELLOWES OFFICE EQPT.*, 759 F.3d 787 (7th Cir. 2014).

Indeed, Appellee takes great pains in his brief to repetitiously enunciate to this Court that every "separate legal entity" is a corporation for purposes of diversity jurisdiction.[3] Appellee even scandalously and vexatiously accuses Appellants of "fraud upon the Supreme Court of Nova Scotia, the Mississippi State Court, the Federal District Court, and this Honorable Court" based on his intentional erroneous conflation of "separate legal entity" and "corporation."

All of this is meant to convince this Court that because TPL is a "separate legal entity" under Nova Scotia law, that it is therefore also a "corporation" for purposes of Art. III minimal diversity of citizenship in U.S. federal common law relating to diversity jurisdiction. As noted by the U.S. Court of Appeals for the Seventh Circuit in *Fellowes*, supra, "[t]he proposition is indeed wrong. It is inconsistent with *Carden,* which held that a limited partnership is not a corporation under § 1332 even though it has all the properties of a juridical person." Indeed, what Appellee proposes is not the law of subject-matter jurisdiction. "Federal common law, not the law of any state, determines whether a person is a citizen of a particular state for purposes of diversity jurisdiction" *Coury, supra.*

---

[3] Appellee uses the phrase at least eight times.

In his brief, Appellee admits and acknowledges the fact that TPL was at the time of filing a "Nova Scotia limited company" "registered with the Nova Scotia Registry of Joint Stocks". Appellee purports that this makes it a corporation in the common law of federal jurisdiction. However, Appellee presents no law or fact to show that a "Nova Scotia limited company" registered with a registry of *joint stock companies* in a common law jurisdiction is a "corporation" for purposes of Art. III minimal diversity of citizenship. Limited liability companies, for instance, are "separate legal entities" that receive damage awards from courts separately from their members, but this does not make them corporations for purposes of subject-matter jurisdiction; *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008).

> While the rule regarding the treatment of corporations as "citizens" has become firmly established, we have [...] just as firmly resisted extending that treatment to other entities. For example, in *Chapman v. Barney*, 129 U. S. 677 (1889), a case involving an unincorporated "joint stock company," we raised the question of jurisdiction on our own motion, and found it to be lacking . . .

*Carden v. Arkoma Associates*, *supra*.

Appellants have demonstrated that the *Act Respecting Joint Stock Companies* is ancient legislation, in effect in Nova Scotia at the time of filing, that dates back to the time of the *Chapman* decision. In their brief, Appellants also demonstrated that what Nova Scotia law and what Appellant Leary might term a "corporation" under Nova Scotia common law is *prima facie* not a corporation for purposes of federal

diversity jurisdiction. The Supreme Court has made this rejection of corporate status for memorandum of association entities extremely clear, flatly rejecting decisions from the Second and Third Circuits that decided joint stock companies were corporations for purposes of diversity:

> The rationale of Van Sant v. American Express Co., 169 F.2d 355 (3 Cir. 1947), which found diversity, appears to be that since a New York joint stock association is treated by the New York courts "for all practical purposes" as a corporation, it does not fall within the rule of Chapman v. Barney. The court lays stress on the fact that the issue was not raised by the defendant until rehearing on appeal. The court also cites Prof. Moore's comment on Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, at 3 Moore's Federal Practice ¶17.25, pp. 1413-1414, to the effect that the Chapman rule is itself beginning to show signs of being outmoded. Cf. 33 Colum.L.Rev. 540 (1933). We have rejected this interpretation of Russell.

> In Mason v. American Express Co., 334 F.2d 392 (2 Cir. 1964), the Second Circuit was persuaded by the language of Russell to extend citizenship to a New York joint stock association for diversity purposes. We must respectfully disagree with that opinion.

*United Steelworkers of Am. v. R.H. Bouligny, Inc.,* 382 U.S. 145, 146-47, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965)

See also: *Baer v. United Servs. Auto. Ass'n,* 503 F.2d 393, 395 (2d Cir. 1974).

Appellants have argued "[i]t can be difficult to decide whether a business bearing the suffix "Ltd." is a corporation"; *White Pearl Inversiones SA v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir. 2011); and that an allegation of a party being a "Canada limited company" is insufficient for jurisdictional purposes; HEAT OILFIELD RENTALS, LTD. v. VULCAN OILFIELD SERVICES, LLC, Dist. Court, WD Pennsylvania, No. 2:15-cv-332, (March 12, 2015). Appellee has done

nothing whatsoever to show this Court that TPL is a corporation for purposes of the federal common law of jurisdiction, or to define its citizenship.

In order to defeat the strong presumption against federal jurisdiction in removed cases *and* Appellants' argument that TPL must, in the absence of any facts establishing that TPL is a corporation for purposes of federal jurisdiction, be regarded as a joint stock company or limited liability company, Appellee had to present facts and/or law making such a showing before the district court and this Court. Appellee also had to continue to carry his burden to rebut the strong presumption against federal jurisdiction in removed cases. *St. Paul Mercury Indem Co. v. Red Cab Co.,* 303 U.S. 283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Appellee has not done so here, or in response to the motions to vacate, or in the original district court proceeding, or at the time of removal. In fact, when called upon to respond to the motions to vacate, Appellee failed to file any opposition whatsoever. Again, legal theories and arguments not squarely presented to the district court cannot be raised for the first time on appeal.

Appellants' argument, and the fact that TPL is not a corporation *for purposes of diversity*, remains uncontroverted.

Appellee also ignores the fact that no adjudication of TPL's citizenship whatsoever existed in the original district court proceeding. It was only *after* the Appellants filed their motions under Fed.R.Civ.P. 60(b)(4), that the District Court

for the first time examined this case to find minimal diversity *after* the time of filing. Amazingly, Appellee excuses his failure to file an opposition and says that it was not his obligation to oppose the motions, as it was incumbent on the district court to examine its own subject-matter jurisdiction: "even when presented with an unopposed Motion to Vacate, the District Court is obligated to address any jurisdictional questions raised by the Appellants in this matter". Appellee's position is untenable.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citations removed)

"Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

Given the time of filing rule and Appellee's continuing burden to positively show that jurisdiction exists in a removed case--and even today Appellee has failed to carry that burden--the outcome is fatal to the existence of proper jurisdiction at the time of filing and the time of removal.

**Handshoe's Citizenship**

Appellee also argues, to no avail, that Mr. Handshoe's citizenship was distinctly shown in the state court record and the Motion to Remove. "[T]he Canadian court identified Handshoe as being a resident of Mississippi." Appellee bases this argument on a single utterance made by the Canadian judge, but Handshoe bore "responsibility to prove his citizenship as of the time the complaint was filed" *Linardos, supra.* "[W]hen jurisdiction depends on citizenship, citizenship must be *"distinctly* and *affirmatively* alleged.""*Getty Oil, supra* (emphasis in original). "It is established that an allegation of residency does not satisfy the requirement of an allegation of citizenship"; <u>Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir.1984) (per curiam)</u>. "There having been no presentation of evidence in the district court" regarding domicile or citizenship, on appeal "the record is unclear as to" citizenship "at any point in time" including the time of filing; *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).

The District Court's opinion said, without citing to where in the record, that Handshoe's citizenship somehow became apparent during the proceeding, not at the time of filing; Appellee has done nothing to clarify this assertion, while agreeing to the time of filing principle. Quite simply Appellee's citizenship was neither alleged nor established at any time until Appellee filed his brief in this appeal, when for the first time he stated the purported fact of his *current* citizenship. "An appellate court [. . .] may not consider *facts* which were not before

the district court at the time of the challenged ruling." *Theriot v. Parish of Jefferson*, 185 F.3d 477 (5th Cir. 1999) at fn 26 (emphasis added). In addition, this "amendment" would controvert 28 U.S.C. § 1653, as already argued.

### Appellee Ignores *Coury* and Conflates & Confuses Domicile of a Stateless U.S. Citizen with "Citizen of a State" Under Art. III

It is uncontroverted that at the time of filing Appellants were United States citizens domiciled in Canada and that they stated such in their pleadings before the District Court in 2012. In his brief, Appellee establishes or alleges no facts regarding Perret. He merely argues with faulty logic that because Appellant Leary admits to domicile in Nova Scotia, and because U.S. citizenship is determined by state domicile, Leary is therefore a citizen of Canada for purposes of minimal diversity jurisdiction. This assertion defies the finding of *Coury, supra.* "[D]iversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties"; "an American living abroad is not by virtue of that domicile a citizen or subject of the foreign state in which he resides" *Coury, supra.* "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S. Ct. 2218, 104 L. Ed. 2D 893 (1989) (emphasis in original).

Thus, Appellee's argument that Leary, who is a U.S. citizen, is diverse of citizenship because domiciled in Canada fails. As he makes no assertion regarding Appellant Perret, the fact that he too is a stateless United States citizen stands uncontroverted. Stateless U.S. citizens are not "citizens of a state" for purposes of diversity jurisdiction.

## "Federal Question": Failure to Make Allegations of Citizenship Was a Fatal Jurisdictional Fault

Appellee's final argument, again using faulty logic, is that because the SPEECH Act is federal legislation, therefore "federal question" jurisdiction always existed as the sole necessary basis to justify the district court's usurpation of the state court's power. Appellee even argues that Appellants should be *sanctioned* for purportedly not addressing this issue.[4]

Appellants again point out that the Appellee never raised this argument before the district court; it is raised for the first time on appeal. The District Court did not base its denial of the Appellants' motions to vacate on having had "federal question" jurisdiction, only on required minimal diversity. Generally, "arguments not raised before the district court are waived and will not be considered on appeal." *Celanese Corp. v. Martin K. Eby Constr. Co., Inc.*, 620 F.3d 529, 531 (5th

---

[4] If anyone should be sanctioned, it is Appellee, who failed to make any required allegations of citizenship whatsoever, in yet asserted in conclusory fashion to the district court that federal jurisdiction existed in his Notice of Removal. "[T]he defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally." *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

Cir. 2010). "An issue not fairly presented to the district court is not preserved for appeal." *Joint Heirs Fellowship Church v. Akin*, No. 14-20630, --- Fed. Appx. ---, 2015 WL 6535336, at *4 (5th Cir. 2015).

However, were this Court to take up Appellee's argument, Appellants say that just because the law used by Appellee was federal legislation does not therefore mean that federal jurisdiction existed absent Appellee's carrying his burden to allege and show minimal diversity of citizenship as "expressly provided by Act of Congress" 28 U.S.C. §1441(a). The District Court agreed. Appellee argues "the District Court had an entirely separate basis for federal jurisdiction, interpretation of a federal statute, the SPEECH Act." However, ""[t]he mere fact that a court necessarily must interpret federal law or federal regulations to determine the merits of a claim is insufficient to confer federal jurisdiction." *J.A. Jones Constr. Co. v. City of New York*, 753 F.Supp. 497, 501 (S.D.N.Y.1990) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 811, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986))" *Nelon v. Mitchell Energy Corp.*, 941 F. Supp. 73 (N.D. Tex. 1996).

Intentionally consistent with Art. III, under the SPEECH Act 28 U.S.C. § 4103, "in addition to removal allowed under section 1441," federal courts only have subject matter jurisdiction of actions removed from state court when there is minimal diversity of citizenship. As with the minimal diversity requirement of the

*Class Action Fairness Act* (CAFA), the SPEECH Act "confers federal diversity jurisdiction" on actions to enforce a foreign defamation judgment; *Allapattah Services, Inc.*, *supra*. Even in CAFA cases, the removing party must have "pleaded minimal diversity."*DORSTEN v. SLF SERIES G, LLC*, No. 15-CIV-61235-BLOOM/Valle (S.D. Fla. Sept. 21, 2015).

> Until Congress changes our jurisdiction and allows us to hear cases based on something less than complete diversity, we cannot act. And make no mistake, whether to confer diversity jurisdiction in the absence of complete diversity is a quintessential political decision belonging to Congress, as congressional efforts to respond to abuses in state court class action litigation by allowing their removal on minimal diversity have so recently reminded us.
>
> [. . .] To the point, our insistence that diversity removal, powerful as it is, remain within its congressionally marked traces is demanded by principles of comity and federalism — that a state court is to be trusted to handle the suit unless the suit satisfies the removal requirements.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004)

The minimal diversity requirement seen in both CAFA and the SPEECH Act are jurisdictional. This Court has observed that Congress "confer[red] diversity jurisdiction in the absence of complete diversity" with CAFA;  *Smallwood, supra*. Like CAFA, the SPEECH Act thus "alters the landscape for federal court jurisdiction." The SPEECH Act allows district courts to "abandon the complete diversity rule" but still mandates the only way the party seeking removal "to satisfy minimal diversity is by *demonstrating*" minimal diversity of citizenship *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) (emphasis added).

See *AU Optronics Corp. v. South Carolina*, 699 F.3d 385 (4th Cir. 2012) ("[T]he

cases failed to satisfy CAFA's minimal diversity requirement" because "South

Carolina is not a citizen of any state for purposes of diversity jurisdiction. [...]

Thus, minimal diversity does not exist among the named parties. . .").

The SPEECH Act does have two components, one (§ 4104) that consists of

federal question jurisdiction (the declaratory judgment cause of action), and one (§

4103) involving removal from state court and a minimal diversity requirement

coextensive with Art. III judicial powers. "This Court's cases firmly establish that

Congress may not expand the jurisdiction of the federal courts beyond the bounds

established by the Constitution." *Verlinden BV v. Central Bank of Nigeria*, 461

U.S. 480, 103 S. Ct. 1962, 76 L. Ed. 2d 81 (1983).

> The Constitution broadly provides for federal-court jurisdiction in
> controversies "between Citizens of different States." Art. III, § 2, cl. 1. This
> Court has read that provision to demand no more than "minimal diversity," *i.
> e.,* so long as one party on the plaintiffs' side and one party on the
> defendants' side are of diverse citizenship, Congress may authorize federal
> courts to exercise diversity jurisdiction. See *State Farm Fire & Casualty Co.
> v. Tashire,* 386 U. S. 523, 530-531 (1967). Further, the Constitution includes
> no amount-in-controversy limitation on the exercise of federal jurisdiction.
*Allapattah Services, Inc., supra.*

Congress thus designed the SPEECH Act to apply equally to state courts and

federal courts: "The term `domestic court' means a Federal court or a court of any

State" (28 U.S.C. § 4101 *Definitions*). See *Pontigon v. Lord*, 340 S.W.3d 315 (Mo.

Ct. App. 2011). In this case, as of March 8, 2012, the Mississippi state court had

jurisdiction over the enforcement of the Canadian judgment; that jurisdiction cannot have been usurped to federal court without legitimate basis.

The federal legislation in question here itself required minimal diversity of citizenship for jurisdiction to attach to the district court. Averment by the Appellee of facts necessary to find minimal diversity in the instant case was therefore jurisdictionally required. The Constitution "demands" "minimal diversity" for federal subject matter jurisdiction to vest in cases usurped from a state court's jurisdiction; *Allapattah Services*, *supra*. "Article III of the Constitution *requires* [...] minimal diversity" *Dresser Indus. v. Underwriters At Lloyd's of London*, 106 F.3d 494 (3d Cir. 1997) (emphasis added). Contrast: *Arbaugh v. y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2D 1097 (2006). In *Arbaugh*'s language, minimal diversity of citizenship is a "threshold ingredient" to subject-matter jurisdiction. Where jurisdiction had already vested with the state court, the actual *existence* of diversity jurisdiction, *ab initio,* depended on the removal petition's compliance with the requirement of making some allegation of citizenship for all parties based on the record at the time of filing.

Contrary to Appellee's assertion, Appellants' primary brief argued extensively that the SPEECH Act shares this characteristic in common with the interpleader statute 28 U. S. C. § 1335 and the *Class Action Fairness Act* (CAFA). Therefore absent allegations of citizenship, subject-matter jurisdiction never left

the state court. *Vasura v. Acands*, 84 F. Supp. 2d 531 (S.D.N.Y. 2000) ("If the removal was not proper in the first instance, the state court was never divested of jurisdiction and the federal court consequently has no jurisdiction to exercise;" citing *Jackson v. Allen, 132 U.S. 27, 34, 10 S.Ct. 9, 33 L.Ed. 249 (1889)*). In *Jackson v. Allen, supra*, the Supreme Court found:

> It appears from the record that the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was *not sufficiently shown*, and that therefore *the jurisdiction of the state court was never divested. Stevens* v. *Nichols*, 130 U.S. 230. (emphasis added)

Thus it is incontrovertible that the SPEECH Act requires minimal diversity of citizenship in order for subject-matter jurisdiction to attach to the district court. It is also incontrovertible that at the time of filing and removal, the district court was presented with a state court record that contained no allegations of citizenship whatsoever. The parties were, on one side, two plaintiffs who were (as everyone acknowledges) stateless United States citizens and thus not "citizens of a state" for purposes of minimal diversity and their "Nova Scotia limited company" "an inanimate creature of [Nova Scotia] law" *Americold, supra*. On the other side was "Doug K. Handshoe of Mississippi." Handshoe himself removed the case without declaring domicile or citizenship, or that he was a "citizen of a state," and referred erroneously only to "federal question" as the *sole* basis for jurisdiction. The fact that the district court accepted Handshoe's conclusory allegation of "federal

question" did not equal an implicit determination that minimal diversity existed, particularly because no required allegation of citizenship of any party existed in the state court record or the removal petition. See U. S. Const., Art. III, § 2, cl. 1 ("The judicial Power shall extend to all Cases . . . between a State, or the Citizens thereof, and foreign States, Citizens or Subjects."). As already argued, when faced with an identical removal in 2016, the same district court and judge remanded to state court based on a lack of sufficient allegations of citizenship.

Appellants argued in their primary brief that assuming jurisdiction when constitutionally-required minimal diversity was absent was, by definition, egregious and certainly presented no "reasonable basis" or "arguable basis" for federal jurisdiction. Appellee's brief has done nothing to disturb the validity of that argument.

## **Prayer**

For the foregoing reasons, Appellants pray that this Court reverse the district court's order denying their motions to vacate, and order that the district court remand this case to state court. Appellants further pray for any other relief to which they may be justly entitled in law or equity.

Vaughn Perret and Charles Leary

By: _____

Appearing Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief of Appellants has been filed in the office of the Clerk for the United States Court of Appeals for the Fifth Circuit via the court's CM/ECF filing system which sent notification of same to the following:

<u>Counsel for Appellee</u>

Jack E. Truitt, Esquire
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com

This the 21st day of November, 2016.

Charles Leary & Vaughn Perret

Charles Leary & Vaughn Perret
Email:  foodvacation@gmail.com
140 Trout Point Road
E. Kemptville, Nova Scotia B5A 5X9
Canada
Telephone: (902) 761-2142
Facsimile: (800) 980-0713

29

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 6,981 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using OpenOffice 4.1.1 in Times New Roman font size 14.

Charles Leary